[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON POST JUDGMENT MOTION TO REOPEN, REARGUE AND/OR CLARIFY ORDER ON ARREARAGE
Defendant has filed a motion to reopen, reargue and/or clarify this court's Memorandum of Decision dated August 23, 1999. The motion is granted.
The defendant has raised three issues in his motion as follows:
1. Does the phrase "money received" also mean the "take home" received by the defendant?
2. Does the arrearage for the period January 1, 1999 to May 6, 1999 get added to the amounts computed under the formula in paragraph one and subsequent paragraphs commencing on page 5 of the Memorandum of Decision?
3. Does the percentage set forth in paragraph one and subsequent paragraphs include the $1,000 per month minimum of alimony and support?
The answer to all three of these questions is "yes."
As to the question raised in number one above, it is clear that the court is talking about "net"; however, the phrase "net" was not used in the event there were other amounts "received" by the defendant that had no tax ramifications, such as refunds on federal and state income taxes, tax free interest, dividends on life insurance that may be tax free, or the like.
As to the question raised in number 2 above, the court finds an arrearage for the period January 1, 1999 to May 6, 1999 of $17,430 less that amount paid by the defendant during that CT Page 16584 period. The amount paid by the defendant during that period was $1,620. The court finds an arrearage, therefore, of $15,810. In accordance with the arrearage guidelines, the defendant shall pay 20 percent of the current order on said arrearage for an effective percentage of 9 percent of "money received" by the defendant until the full amount of $15,810 has been paid. The previous order of $4,120 per month remains in effect until May 6, 1999. To rule otherwise would result in a retroactive modification of the previous order which, in accordance with the holding in the case of Sanchioni v. Sanchioni, 173 Conn. 397
(1977), would be contrary to law.
The court in its Memorandum of Decision provided as follows on page 6:
 "Monthly payments of unallocated alimony and support shall in no event be less than $1,000 per month of which one half shall be paid on the first of each month and one half on the fifteenth of each month."
The plaintiff must receive at least a minimum amount each month in order to budget her needs. The court recognizes that even this amount is less than her requirements. These minimum payments were not intended to be in addition to the amounts computed under paragraph one and subsequent numbered paragraphs beginning on page 5. The One Thousand Dollar monthly payments shall be taken into account by the defendant when there is money received" by him of a greater amount. For example, referring to the guide filed by defendant's counsel, if one were to assume the same figures for the year 2000 as for the year 1999, it would not be until the month of August that the plaintiff would receive a monthly amount greater than $1,000. Up to and including August 31, plaintiff would have received $8,000. At that point, based upon amounts "received" by the defendant, plaintiff would be entitled to an additional amount of $3,425. However, if the figures for September were to be repeated, it would behoof the defendant to withhold $1,000 from that amount to be paid in September since no significant money was "received" in that month.
The court recognizes the difficulty facing the parties in working out these calculations. Based upon the defendant's current financial circumstance he will have to make minimum payments twice monthly to the plaintiff without the cash flow to make these payments during the months early in the year. He will CT Page 16585 have to create such a cash flow by some means.
As the court has previously noted, there will have to be substantial changes made by each of these parties in the future. As noted, the defendant will have to make drastic changes in his business arrangements and expenses to realize greater net income and to make twice monthly minimum payments as required.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE
 ORDER
An arrearage is found in the amount of $15,810. The defendant shall pay 20 percent of the current order on said arrearage. For those months when only the minimum amount is paid, that would be $100.00 on the first and fifteenth of each month, the total amount for the calendar year not to exceed 9 percent of "money received" by the defendant as defined in the Memorandum of Decision and as clarified by this Memorandum.
EDGAR W. BASSICK III JUDGE TRIAL REFEREE